# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROBERT L. HATCHER, )
 )
       Petitioner, )
 )
v. ) **Case No. CIV 04-383-FHS**
 )
WARDEN STEVE BECK, )
 )
       Respondent. )

## ORDER

This matter is before the court on Petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, challenges the execution of his sentence, pursuant to 28 U.S.C. § 2241. Petitioner was convicted of five counts of lewd or indecent acts with a child after former conviction of two or more felony offenses in the District Court of and for Oklahoma County. For these crimes, Petitioner received a sentence of fifty years imprisonment on each count. In this habeas action, Petitioner is not challenging his conviction but is instead challenging the execution of his sentence. Petitioner is seeking review of a prison disciplinary proceeding which occurred while Petitioner was confined at the Mack Alford Correctional Center. In this action Petitioner is alleging he had a right to restoration of earned credits and that the Department of Correction's change in prison internal management procedures constitutes an ex post facto violation.

First, Petitioner has alleged his rights were violated when

1250 earned credits were revoked. It is difficult if not impossible to ascertain what Petitioner's complaint is about concerning the denial of his earned credits. He does not allege he was denied due process in the denial of credits nor does he explain what right was denied in the revocation of his earned credits. He simply states that he was denied 1250 credits and this denial violated his rights. The court cannot ascertain his claim. Thus, pursuant to Federal Rule of Civil Procedure 12 (b)(6) Petitioner's claim on this issue is denied for failure to properly state a claim.

Further, had Petitioner more clearly stated his claim it appears to this court that it would still fail. It is well settled law that "the supervision of the internal affairs of correctional institutions including the discipline and care of inmates rests with the prison administrators and is not ordinarily subject to judicial review." Hutchinson v. Anderson, 366 F. Supp. 795, 796 (E.D. Okla. 1973) and Evans v. Mosely, 455 F.2d 1084, 1086 (10th Cir. 1972). It is also well settled law that prison officials must be accorded wide latitude in the administration of prison affairs and the inmates are necessarily subject to appropriate rules and regulations. Hutchinson at 796. Petitioner's loss of earned credits was a form of discipline. The director has the discretion to grant or deny earned credits as he sees fit. Thus, since the denial of Petitioner's earned credits was a form of discipline, without more from Petitioner as to what rights were violated in the disciplinary process, it is not subject to judicial review. Accordingly, this

claim is dismissed.

Petitioner has also alleged that "As applied to him and other similarly situated inmates, 'Inmate Sentence Administration, OP-060211, Addendum 02, section IV (A) Restoration by Facility Head,' is an ex post facto law under state and federal law."  First, the Oklahoma Department of Correction's revisions to prison procedures have been found to not be a violation of the ex post facto clause in the past." Julien v. Meachum, 618 F. Supp. 49, 52 (W.D. 1985)("...changes in security classification system are not 'law' for purposes of ex post facto analysis since they were promulgated as procedural guidelines within the basic framework of the discretion of the DOC...in responsibility of their management of prisoners.")  Even if the changes in question were considered law, Petitioner cannot establish the policy in question is a violation of the ex post facto laws.  "Although the Constitution only prohibits the states from passing an ex post facto 'Law', U.S. Const. Art. I, Sec. 10, an agency regulation which is legislative in nature is encompassed by this prohibition." Smith v. Scott, 223 F.3d 1191, 1193-94 (10th Cir. 2000).  "To fall within the ex post facto prohibition, a law must be retrospective-that is, it must apply to events occurring before it's enactment-and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997)(citations and internal quotations omitted).  To establish that the policy revision is disadvantageous, petitioner must show that the actual

time he will spend in prison has been increased, <u>Devine v. New Mexico Department of Corrections</u>, 866 F.2d 339, 343 (10th Cir. 1989), or that the revised version is more onerous than the earlier policy, <u>Weaver v. Graham</u>, 450 U.S. 24, 29-31 (1981). The Petitioner in this case had failed to establish that "Inmate Sentence Administration, OP-060211, Addendum 02, section IV (A) Restoration by Facility Head" is a violation of the ex post facto laws. Petitioner has failed to establish the new policy is a disadvantage to him. Petitioner's original prison term has not increased. He was denied earned credits which would have reduced his original prison time, but his original sentence was not increased. Petitioner has failed to establish any ground for habeas relief.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is **DISMISSED** in its entirety. All remaining pending motions are **DENIED** as moot.

**IT IS SO ORDERED** this 19th day of July, 2007.

Frank H. Seay
United States District Judge

4